UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY GLAZE,<br><br>        Plaintiff,<br><br>    v.<br><br>STANE, et al.,<br><br>        Defendants. | Case No.: 1:14-cv-01153-SAB (PC)<br><br>ORDER VACATING ORDER TO SHOW CAUSE AND ORDER DIRECTING PLAINTIFF TO NOTIFY COURT OF INTENT TO PROCEED AGAINST DEFENDANT SHANE ONLY OR FILE A SECOND AMENDED COMPLAINT<br><br>[ECF Nos. 11, 12] |

       Plaintiff Rodney Glaze is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

       On October 28, 2014, the undersigned screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a). Plaintiff was directed to file an amended complaint within thirty days or the action would be dismissed, with prejudice, for failure to state a cognizable claim for relief. (ECF No. 9.)

       On December 2, 2014, the Court issued an order to show cause why the action should not be dismissed for failure to comply with the Court's October 28, 2014, order.

       However, on December 4, 2014, Plaintiff filed a first amended complaint in compliance with the Court's October 28, 2014, order. The amended complaint is dated November 26, 2014, and pursuant to the mailbox rule the complaint was deemed filed on this date. See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) ("the mailbox rule" established in Houston v. Lack, 487 U.S. 266, 276 (1988), applies to section 1983 suits filed by pro se prisoners, thus rendering the "filing date" of a

court document as the date plaintiff signs and delivers the document to prison authorities for mailing). Accordingly, the Court will vacate the order to show cause issued December 2, 2014, and simultaneously screen Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

///

## II.

## SUMMARY OF COMPLAINT

Plaintiff names correctional officers Stane and A. Robles, along with nurse Blaeve, as Defendants.

From October 1, 2010, until October 7, 2010, Plaintiff was held in a 'holding area" (not a cell) and chained up in restraints like an animal. Defendant Shane ordered that Plaintiff eat with his hands (without washing them) and share a drinking cup with someone in the holding area next to him who was also on "potty watch."

On October 5, 2010, after Plaintiff had defecated once, with no contraband found, he was having a conversation with correctional officer Gomez and Defendant Robles joined the conversation, which resulted in Robles issuing a rules violation report against Plaintiff for threatening a peace officer. At the hearing on the rules violation, Plaintiff was found not guilty.

While on the "potty watch" both Plaintiff's hands and ankles were in restraints and in attempting to make his way to the toilet/sink area, his foot got caught in the ankle restraints, causing Plaintiff to lose his balance, and fall hitting the side of face on the toilet/sink resulting in a huge knot on his upper neck. The correctional officer on duty asked Plaintiff if he was "alright" and Plaintiff advised he was in need of medical attention. Plaintiff was provided an ice pack, but he was still in restraints and could not place it onto his face to which the officer stated "[y]ou'll figure it out." Two years later, Plaintiff had an operation to remove the knot from the side of his neck which resulted in a two inch scar.

## III.

## DISCUSSION

### A.  Cruel and Unusual Punishment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the

1  wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347)
2  (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or
3  contrary to evolving standards of decency that mark the progress of a maturing society violate the
4  Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); *Hope v.*
5  *Pelzer*, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

6        Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,
7  clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.
8  2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in
9  prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To
10 maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately
11 indifferent to a substantial risk of harm to his health or safety.  Farmer, 511 U.S. at 847; Thomas v.
12 Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir.
13 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th
14 Cir. 1998).  Of particular pertinence here, subjection of a prisoner to lack of sanitation that is severe or
15 prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.  Johnson
16 v. Lewis, 217 F.3d at 732-733 (prisoners' allegations that they did not receive adequate access to
17 toilets, and then were not allowed to clean themselves after, if believed, is sufficiently serious to
18 satisfy objective component); Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995).

19       Viewing Plaintiff's allegations liberally at the pleading stage, the Court finds he states a
20 cognizable claim for cruel and unusual punishment in violation of the Eighth Amendment against
21 Defendant Stane.

22       **B.**    **Due Process Violation**

23       The requirements of due process apply only to the deprivation of interests encompassed by the
24 Fourteenth Amendment's protection of liberty and property.  Board of Regents v. Roth, 408 U.S. 564,
25 569 (1972).  A protected liberty interest may be created either by the Due Process Clause of its own
26 force or by states through statutes and regulations.  Sandin v. Coonor, 515 U.S. 472, 483-484 (1995).
27 A deprivation authorized by state law may amount to deprivation of a protected liberty interest if the
28 deprivation

To the extent Plaintiff complains that his right to due process was violated because he was charged with a rules violation report for which he was found not guilty, his claim fails on the merits. A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). Consequently, the fact that Plaintiff may have been innocent of the disciplinary charges brought against him does not give rise to a due process issue. The Constitution demands due process for which Plaintiff received. Accordingly, Plaintiff fails to state a cognizable due process violation.

### C.   Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Although Plaintiff names nurse Blaeve as a defendant, Plaintiff fails to allege any factual allegations to support a claim for deliberate indifference to a serious medical need. Accordingly, Plaintiff fails to state a cognizable Eighth Amendment violation against nurse Blaeve.

///

///

///

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendant Stane for a violation of the Eighth Amendment. Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim under the Eighth Amendment against Defendant Stane, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and Defendants, and will forward Plaintiff one (1) summons and one (1) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

6

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The December 2, 2014, order to show is VACATED;
2. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
3. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Stane for violation of the Eighth Amendment; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **December 12, 2014**

UNITED STATES MAGISTRATE JUDGE