UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY GLAZE,<br><br>        Plaintiff,<br><br>    v.<br><br>STANE, et al.,<br><br>        Defendants. | Case No.: 1:14-cv-01153-SAB (PC)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAM FOR RELIEF, AND GRANTING PLAINTIFF ONE FINAL OPPORTUNITY TO AMEND COMPLAINT<br><br>[ECF No. 14] |

Plaintiff Rodney Glaze is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's second amended complaint, filed January 5, 2015.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Correctional officer Stane subjected Plaintiff to cruel and unusual circumstances by making Plaintiff pull down his pants and boxers so a dog could sniff a towel which was placed on the chair that Plaintiff was sitting in. Officer Stane also placed Plaintiff in a contraband outfit which consisted of two jumpsuits, one placed on the correct way and the other placed backwards. Plaintiff's legs were chained together with tap wrapped around the ankles. Plaintiff's wrists were in handufffs and also tapped. Plaintiff was forced to drink out of a cup he had to share with another unknown inmate.

Correctional officer Robles violated Plaintiff's civil rights by writing a fabricated rules violation report in which Plaintiff was found not guilty. Officer Robles also tried to have Plaintiff subject to a psychological evaluation.

Plaintiff seeks compensatory damages as a result of the Defendants' actions.

# III.
# DISCUSSION

### A.     Strip Search

The Fourth Amendment prohibits only unreasonable searches. Bell v. Wolfish, 441 U.S. 520, 558 (1979); Byrd v. Maricopa Cnty. Sheriff's Dep't, 629 F.3d 1135, 1140 (9th Cir. 2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails. Bell, 441 U.S. at 558-59 (quotations omitted); Byrd, 629 F.3d at 1141; Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder, 860 F.2d at 332-34. Factors that must be evaluated are the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. Bell, 441 U.S. at 559 (quotations omitted); Byrd, 629 F.3d at 1141; Bull, 595 F.3d at 972; Nunez, 591 F.3d at 1227; Michenfelder, 860 F.2d at 332.

Plaintiff fails to state a cognizable claim for the search conducted by officer Stane. Plaintiff alleges nothing more than he was subject to a strip search, which alone, does not give rise to a constitutional violation. Plaintiff allegations regarding the strip search do not state a claim as there is no allegation of use of exaggerated or excessive means. Accordingly, Plaintiff fails to state a cognizable claim under the Fourth Amendment.

### B.     Fabrication of Rules Violation Report

The requirements of due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. Board of Regents v. Roth, 408 U.S. 564, 569 (1972). A protected liberty interest may be created either by the Due Process Clause of its own force or by states through statutes and regulations. Sandin v. Coonor, 515 U.S. 472, 483-484 (1995). A deprivation authorized by state law may amount to deprivation of a protected liberty interest if the deprivation

 To the extent Plaintiff complains that his right to due process was violated because he was charged with a rules violation report for which he was found not guilty, his claim fails on the merits.

3

A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). Consequently, the fact that Plaintiff may have been innocent of the disciplinary charges brought against him does not give rise to a due process issue. The Constitution demands due process for which Plaintiff received. Accordingly, Plaintiff fails to state a cognizable due process violation.

### C. Cruel and Unusual Punishment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); *Hope v. Pelzer*, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Of particular pertinence here, subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment. Johnson v. Lewis, 217 F.3d at 732-733 (prisoners' allegations that they did not receive adequate access to

4

toilets, and then were not allowed to clean themselves after, if believed, is sufficiently serious to satisfy objective component); Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995).

In the second amended complaint, Plaintiff contends in claim one that he was subjected to cruel and unusual punishment, Plaintiff fails to set forth facts to support such a claim. First, to the extent Plaintiff contends that strip search constituted cruel and unusual punishment, his claim fails. Plaintiff has not alleged more than a minimal or momentary discomfort in being subjected to the strip search. Plaintiff alleges no harm or injury suffered as a result of the strip search, or that the search involved physical contact. As such, Plaintiff's allegations are insufficient to support a finding that Plaintiff was in substantial risk of serious harm as a result of the strip search.

Second, to the extent Plaintiff contends, as he did in the first amended complaint that he was subjected to conditions to conditions which constituted cruel and unusual punishment, Plaintiff's instant complaint is devoid of such factual allegations to support such a claim. As stated in December 12, 2014 order, "an amended complaint supersedes the original complaint. [citations] The amended complaint must be 'complete in itself without reference to the prior or superseded pleadings." [citation] Plaintiff is warned that '[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." (ECF No. 13, Order at 7.) Thus, if Plaintiff wishes to proceed on the cruel and unusual punishment claim found cognizable in the Court's December 12, 2014, he must re-allege sufficient factual allegations against an appropriate defendant or such claim is waived.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's amended complaint fails to state a claim upon which relief may be granted. Plaintiff is granted one final opportunity to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

5

Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Plaintiff's amended complaint, filed January 5, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **February 23, 2015**

UNITED STATES MAGISTRATE JUDGE

6