UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY GLAZE,<br><br>          Plaintiff,<br><br>     v.<br><br>ROBLES, et al.,<br><br>          Defendants. | Case No.: 1:15-cv-00492-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RELATING TO EXHAUSTION OF THE ADMINISTRATIVE REMEDIES<br><br>[ECF No. 26] |

Plaintiff Rodney Glaze is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on Plaintiff's claim that Defendant Robles unlawfully issued a false rules violation report in retaliation for Plaintiff's support of other inmates filing administrative appeals against Defendant.[1]

On July 15, 2015, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to exhaust the administrative remedies.[2] Pursuant to Local Rule 230(l), Plaintiff did not file an

---

[1] This claim was severed from Plaintiff's claim, in case number 1:14-cv-01153-SAB (PC), that Defendant Stane subjected Plaintiff to conditions of confinement in violation of the Eighth Amendment.

[2] Concurrent with the motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. ECF No. 26-2; see Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411-412 (9th Cir. 1988).

1

opposition, and because more than twenty-eight days have elapsed since the filing and service of the motion, the motion is deemed submitted to the Court for review.

**I.**

**DISCUSSION**

**A.     Motion for Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the

light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).  The Court determines *only* whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

### B.     Exhaustion under the Prisoner Litigation Reform Act

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies is subject to a motion for summary judgment in which the Court may look beyond the pleadings.  Albino, 747 F.3d at 1170.  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare.  Cal. Code Regs. tit. 15, § 3084.1.  Prior to 2011, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or

of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c). Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level. Tit. 15, § 3084.5. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201. On January 28, 2011, the inmate appeals process was modified and limited to three level of review with provisions allowing the first level to be bypassed under specific circumstances. Cal. Code Regs. tit. 15, § 3084.7.

"[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievances." Jones v. Bock, 549 U.S. 199, 219 (2007). "The level of detail necessary in a grievance to comply with the grievances procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Id. In California, the courts have previously found that CDCR guidelines do not need to identify the defendants by name because the proper form and CDCR regulations do not require identification of specific individuals. See, e.g., Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005). However, as of January 2011, inmates are required to list all staff members involved and describe their involvement, include only one issue or related set of issues per appeal, and "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a)(1)-(4) (Jan. 28, 2011).

### C.    Allegations of Complaint

On October 1, 2000, Plaintiff was ordered placed on pottie watch while housed at Kern Valley State Prison (KVSP) for allegations of possession of drugs.

Defendant Robles approached Plaintiff while he was on pottie watch and told him "We finally got you now Glaze I'm going to personally make sure you go down one way or the other, I'm tired of you [blacks] always complaining about me to my supervisors, I know you have influence and are telling the rest of the blacks to file paperwork to my supervisors. Two can play this game."

A few days later, on October 5, 2010, Defendant Robles wrote a false rules violation report accusing Plaintiff of threatening a peace officer. The rules violation report stated that while Defendant was assigned as a contraband watch officer, Plaintiff threatened to claim that Defendant was selling

cell phones to inmates and threatened to "hit [Defendant] where it hurts the most with [her] kids."

**D.    Statement of Undisputed Facts**[3]

1.   Plaintiff Rodney Glaze was incarcerated at KVSP at all   times alleged in Plaintiff's complaint.

2.   On October 5, 2010, Defendant Robles submitted a false rules violation report accusing Plaintiff of threatening a peace officer.  The rules violation report stated that while Defendant was assigned as a contraband watch officer, Plaintiff threatened to claim that Defendant was selling cell phones to inmates and threatened to "hit [Defendant] where it hurts the most with [her] kids."

3.   On October 14, 2010, Plaintiff submitted a 602 Inmate/Parolee Appeal under the subject "Unprofessional."  Plaintiff's appeal alleged that on October 1, 2010, Plaintiff had been mistreated with respect to his placement on "pottie watch."

4.   Plaintiff did not submit any other appeals regarding allegations of staff misconduct between October 1, 2020 and December 31, 2011.

**E.    Findings**

Defendant moves for summary judgment because there is no dispute that Plaintiff failed to complete the administrative review process prior to filing the instant action.

As previously stated, this action is proceeding on Plaintiff's claim that Defendant Robles unlawfully issued a false rules violation report in retaliation for Plaintiff's support of other inmates filing administrative appeals against Defendant.

In his third amended complaint, filed March 26, 2015, Plaintiff acknowledged that an administrative remedy was available to him.  (ECF No. 17, Third Amd. Compl. at 7.)  Plaintiff also represented to the Court, under penalty of perjury, that he exhausted an administrative appeal at all three levels of review concerning all facts alleged in the third amended complaint.  (Id.)  Indeed,

---

[3] Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by defendant as undisputed.  Local Rule 56-260(b).  Therefore, Defendants' statement of undisputed facts is accepted except where brought into dispute by Plaintiff's verified amended complaint and verified opposition.  Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence); see also Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

1  Plaintiff wrote, "The first level was BYPASS.  The Second level was Partially Granted and the Third
2  level was DENIED."  (Id.)

3        Attached to Plaintiff's third amended complaint is a fully exhausted administrative appeal
4  relating to allegations regarding his placement on contraband watch, inmate appeal Log Number
5  KVSP-0-10-02066.  (ECF No. 17, Third. Amd. Compl. at 10-13.)  Specifically, the appeal alleges that
6  "S&E Officer Stan" forced Plaintiff to undergo an unclothed body search, accusing him of possessing
7  drugs, and kept him in contraband watch for several days, causing him to defecate on himself and hit
8  his head on the cell sink.  (Id.)   There is no mention of Plaintiff's claim that Defendant Robles
9  falsified a rules violation report in retaliation for Plaintiff encouraging other inmates to file appeals
10  regarding Defendant's conduct.  (Id.)  The appeal attached to Plaintiff's complaint contains none of
11  the allegations regarding Defendant Robles, and, in fact, Defendant Robles is not mentioned in the
12  appeal.  (Id.)  There is also no mention of the rules violation report Defendant Robles is alleged to
13  have issued to Plaintiff in retaliation for support of other inmate's filing grievances.  (Id.)

14        Furthermore, Defendant submits evidence, by way of declaration of S. Tallerico, Inmate
15  Appeals Coordinator at KVSP, who declares that KVSP keeps an electronic record of each inmate
16  appeal that has proceeded through the first and second levels of review, as well as those screened back
17  for procedural deficiencies."  (ECF NO. 26-4, Declaration of S. Tallerico ¶ 10.)  A review of the
18  computerized Inmate Appeals Tracking System (IATS) revealed that except for the appeal submitted
19  on October 14, 2010 (KVSP-0-10-02066-referenced above), Plaintiff did not file any other appeals
20  regarding an allegation of staff misconduct between the dates of October 1, 2010 and December 31,
21  2011.  (Id. ¶¶ 11-12, Ex. A.)

22        Defendant has carried his burden in demonstrating that Plaintiff failed to exhaust the
23  administrative remedies as to claim that Robles issued a rules violation report in retaliation, and
24  Plaintiff has presented no evidence to rebut such finding.  See Albino, 747 F.3d at 1172 (If Defendants
25  carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence
26  showing that there is something in his particular case that made the existing and generally available
27  administrative remedies effectively unavailable to him.")

28

Accordingly, Plaintiff never alerted the prison to the nature of the wrong he now alleges in the instant action, and failed to give the California Department of Corrections and Rehabilitation a fair opportunity to adjudicate the claim upon which he seeks relief against Defendant Robles.  <u>Griffin v. Arpaio</u>, 557 F.3d 1117, 1120 (9th Cir. 2009); <u>Woodford v. Ngo</u>, 548 U.S. at 90.  Consequently, Plaintiff did not comply with the mandated exhaustion requirement, and Defendant's motion for summary judgment should be granted and the action should be dismissed, without prejudice.

## II.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment be GRANTED; and
2. The instant action be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**August 31, 2015**__

UNITED STATES MAGISTRATE JUDGE